Marc S. Stern
1825 NW 65th Street
Seattle, WA 98117
(206) 448-7996
marc@hutzbah.com

Hon. Marc. Barreca
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re: ) NO. 10-22974
)
QUINCY STREET AT THE ) DEBTOR'S PLAN OF REORGANIZATION
WATERFRONT, LLC )
)
)
Debtor.

The Debtor,, proposes the following Plan of Reorganization:

## 1 DEFINITIONS

1.1 ALLOWED CLAIMS shall mean a claim (a) in respect of which a Proof of Claim has been filed with the Court within the applicable period of limitation by a court order or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amounts, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiori proceeding, and as to which no appeal or certiori proceeding is pending.

1.2 ALLOWED SECURED CLAIM shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to set off under Section 553 of the Code, to the extent of the value (determined in accordance with Section 506(a) of the Code) of the interest of the Debtor of such allowed claim in the Debtor's interest in such property or to the extent of the amount subject to set off, as the case may be.

1.3 CLAIM shall mean any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor in existence on or as in the Petition date, whether or not such right to payment or right to an

CHAPTER 11 PLAN – 1
Plan.wpd

**MARC S. STERN**
**ATTORNEY AT LAW**
**1825 NW 65TH STREET**
**SEATTLE, WA 98117**
**(206)448-7996**

equitable remedy is reduced to a judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

1.4 CLASS shall mean any class into which allowed claims are classified pursuant to Article II.

1.5 CONFIRMATION DATE shall mean the date upon which the order of confirmation is entered by the Court.

1.6 DISTRIBUTION ACCOUNT shall mean the consideration to be distributed to the holders of allowed claims and allowed interest on the distribution date (and the corresponding consideration payable to holders of claims and interest which have not been allowed as of the distribution date) in any account or accounts into which such consideration has been deposited.

1.7 DISTRIBUTION DATE shall mean the date upon which the order of confirmation is no longer subject to appeal or certiori proceedings, on which date no such appeal or certiori proceeding is pending and on which date all of the conditions to the effectiveness of the Plan expressly set forth in the Plan has been satisfied fully or effectively waived.

1.8 PRO RATA shall mean with respect to any holder of debts to be paid by the Plan, payment in the same proportion that the amount of such debts bear to the aggregate amount of Debtor portion among all members of the class in which the creditor's claim is classified.

1.9 REORGANIZED DEBTOR shall mean Reorganized Leeward Subdivision, LLC after confirmation, and with new equity security holders.

## 2 CLASSIFICATION OF CREDITORS

The creditors are divided into the following classes:

2.1 CLASS P1. Expenses of administration as those are defined in 11 U.S.C. Section 507(a)(1).

2.2 Class S-2 The first deed of trust on the property now held by a Columbia Bank that secures ½ of the property. This claim will be allowed in full in the amount of $2,000,050.

2.3 Class S-3 Any additional claims secured by materialmen, labor liens, etc.

2.4 Class P-4. Allowed tax claims of governmental units to the extent that they are entitled to priority pursuant 11 U.S.C. Section 507(a).

2.5 CLASS U-5. All allowed non-priority, unsecured claims whether arising out of direct obligations of the Debtor.

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

2.6     Class E-6 Equity Security Holders

# 3  PROVISIONS FOR SATISFYING CLAIMS OF CREDITORS

3.1     Class P-1 creditors shall be paid in cash in full upon the distribution date unless said creditor consents to a different treatment.

3.2     Class S-2, will be amortized over a 30 year period with interest initially at the prime rate offered by Bank of America plus 3 points.

    3.2.1 This shall constitute a cure as defined by the court in *In Re Entz-White Lumber* 850 F.2d 1338 (9th Cir 1988)

    3.2.2 Columbia Bank will be paid in full within 6 years and, to the extent that property is not sold in said time period, the note will balloon and all payments will be due on January 1, 2017 if not sooner paid in full.

3.3     Class S-3 will be paid in full from payments made by the reorganized debtor

3.4     Class P-4 tax claims of governmental units entitled to priority under 11 U.S.C. Section 507(a)(7) shall be paid in full upon the distribution date.  However, to the extent that said claims include LID assessments, said payment shall only be the unpaid balance which is in default.  Payment to bring the assessment will be made on the distribution date.  For example, if there is a $145,000 assessment and only $5,000 is in arrears, the $5000 will be paid.  The balance shall be paid in accordance with the assessment.  This is an unimpaired class.

3.5     Class U-5 shall be paid 10% of their allowed claim without interest on the distribution date.  Another 1/10th shall be paid monthly until paid in full.  No interest will be paid.  They will be paid in full on or before September 15, 2011.

3.6     Class E-6 Equity security holders.  Upon confirmation the interests of the current equity security holders will be deemed cancelled and all equity in the reorganized debtor will be held by Reorganized Debtor.  The membership interest will be sold by auction, however, the minimum bid made by the current members is assumption the guarantee in favor of the bank in an amount of approximately $2,010,000, payment of the unsecured creditors in full and payment of all administrative expenses.  Any bidder should be able to provide proof of ability to do so. Any minimum bid should include payment in full of the secured creditor, payment of all unsecured creditors and payment in full of all administrative fees.

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

# 4 IMPLEMENTATION OF THE PLAN

4.1     The funds necessary for the satisfaction of claims will come from funds committed and from operation of the business and, supplied by the guarantors. The debtor does not contemplate any sale of units, however, the original loan documents provide for deed releases. The debtor, by proposing this plan and operating the units as a hotel, does not waive it's right to seek deed releases or its claims against the bank for the bank's failure to comply with the contract and allow listing and provide appropriate deed releases.

4.2     .Columbia Bank will have its loan decelerated. Its claim will be allowed in the sum of $2,000,050 or such amount as the court should allow based upon disallowance of default interest and penalties or such other basis as the court orders. Payments shall be made on a monthly basis in the sum of $15,000 or such higher amount as a change in interest rates shall require. In no event will the payment exceed $18,000 per month nor be lower than $15,000.

4.3     If any of the units are sold, as provided for in the original loan documents, the remaining loan shall be re-amortized to include the revised principal amount and payments will be made at that rate..

4.4     The payments contemplated by this plan shall constitute a cure as defined by the court in *In Re Entz-White Lumber* 850 F.2d 1338 (9th Cir 1988) and default interest shall be cancelled.

4.5     Notwithstanding any other provisions of the Plan of Reorganization, disputed claims shall be paid only upon their allowance by the Court.

4.6     To the extent that any class or creditor is paid in full, it will no longer receive any payments.

4.7     Any sales of property shall be considered sales pursuant to this Chapter 11 plan and thus receive the exemption from Excise Tax provided in 11 U.S.C. § 1146(a).

# 5 JURISDICTION OF THE COURT

5.1     This Court will retain jurisdiction until this Plan has been fully consummated including, but not limited to, the following purposes:

5.2     The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting.

5.3     The determination of such objections as may be filed to creditors' claims.

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1       5.4      The failure by the Debtor to object to, or to examine any claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the claim in whole or in part.

      5.5      Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to action pending as of the date of confirmation between the Debtor and any other party including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions to Title 11 U.S.C.

      5.6      The correction of any defect, the curing of any omission, or the reconciliation of any inconsistencies in this Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan.

      5.7      The modification of the Plan after confirmation pursuant to Title 11 U.S.C.

      5.8      The enforcement and interpretation of the terms and conditions of the Plan.

      5.9      The entry of any order, including injunctions necessary to enforce the title, rights and powers of the Debtors and to impose such limitations, restrictions, terms, and conditions of such title, rights, and powers that this Court, in its sole discretion, may deem necessary.

      5.10     The entry of an order concluding and terminating this case.

Executed this December 17, 2010

                                    QUINCY STREET AT THE WATERFRONT, LLC

                                    By <u>*/s/ Kevin Harris*</u>
                                    Kevin Harris
                                    It's Managing Member

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996